

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DANIEL A. SPOTTSVILLE,

    Plaintiff,

vs.

DON JERRIEL, Warden; DAVID McNEAL, Deputy Warden; TINA SANDERS; STUART ROGERS; BETH ETHRIDGE, all at Dodge State Prison; WILLIAM TERRY, Former Warden; BILLY BROWN, Deputy Warden; WAYNE JOHNSON, Deputy Warden; Lt. McGORY; Sgt. CULLENS; Officer McCLARY; Officer AMBROS; Counselor CUNNINGHAM; BILLY TOMPKINS, Warden, all at Smith State Prison; DEBBIE CREWS, Head Clerk and BRIDGET M. BEECHER, Deputy Clerk, both of Tattnall Superior Court,

    Defendants.

CIVIL ACTION NO.: CV605-144

## MAGISTRATE JUDGE'S ORDER
## AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Ware State Prison in Waycross, Georgia, was granted leave of the Court, by Order dated December 15, 2005, to proceed *in forma pauperis* in an action contesting the conditions of his confinement.

A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison

AO 72A
(Rev. 8/82)

Litigation Reform Act ("PLRA"), 28 U.S.C.A. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as "strikes" under section 1915(g). In Spottsville v. Wetherington, CV601-043 (S.D. Ga. July 16, 2001), the Honorable B. Avant Edenfield previously ruled that Plaintiff possessed three "strikes" and could only file his Complaint with full payment of the filing fee.

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action

unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id. at 1193.

Plaintiff asserts that prison officials retaliated against him for filing administrative grievances, by transferring him from Smith State Prison (SSP) to Dodge State Prison (DSP).[1] Plaintiff contends that prison officials continued to retaliate against him at DSP. Plaintiff avers that the prison conditions also violate the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff asserts that DSP's Q-building dormitories are unsanitary, noisy, over-crowded, over-heated, lack privacy, and are poorly ventilated. Plaintiff alleges that these conditions make the Q-building dormitories a potentially dangerous place allowing for increased

---

[1] Plaintiff also asserts that he has filed a Complaint in the Tattnall County Superior Court asserting the same allegations presented in his Present Complaint. Due to Plaintiff's status as a "three striker," it is unnecessary to discuss this issue at this time.

3

violence. Plaintiff avers that he suffers from smoke inhalation from other prisoner's smoking in the prison. Plaintiff also contends that prison officials confiscated his personal items and refused to provide "indigent postage" for him to send the items home. (Compl. at p. 4.)

Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint. Accordingly, the Court **VACATES** its December 15, 2005, Order. Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $250.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 3rd day of February, 2006.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)